O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CR 09-1084 PSG | Date | June 29, 2010 |
|---|---|---|---|
| Title | United States of America v. Kasey Robert Graham | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:** (In Chambers) Order Denying Defendant's Motion to Suppress Evidence (Brighton), or in the alternative, for Hearing Pursuant to *Franks v. Delaware*

Pending before the Court is Defendant's Motion to Suppress Evidence (Brighton), or in the alternative, for Hearing Pursuant to *Franks v. Delaware.* A hearing on the motion was held on June 28, 2010. After considering the moving and opposing papers and arguments presented at the hearing, the Court DENIES Defendant's motion to suppress and DENIES Defendant's motion for a *Franks* hearing.

I.   Background

During the week of May 15, 2009, Los Angeles Police Department ("LAPD") Detective Patrick Aluotto ("Aluotto") received a tip from an LAPD "Confidential Reliable Informant" ("CRI") that rock cocaine was being sold from 3672 Halldale Avenue, Los Angeles, California (the "Halldale house"). *Aluotto Affidavit* ("*Aff.*") at KRG_033.[1] The CRI told Aluotto that the cocaine dealer drove a large black SUV with large tires and went by the moniker "Harlem Rob." *Id.* That same week, Aluotto and other officers conducted a "controlled buy," providing the CRI with $20 with which the CRI purchased crack cocaine from the Halldale house. *Id.*

During surveillance the day after the controlled buy, officers observed a man—later identified as Kasey Robert Graham ("Defendant")—park a large black SUV in front of the Halldale house and enter the house with keys. *Id.* Minutes later, the officers observed four

---
[1] Both parties provide copies of Aluotto's affidavit. *See Mot.*, Ex. A; *Opp.*, Ex. A. In the interest of clarity, the Court cites directly to the affidavit.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CR 09-1084 PSG | Date | June 29, 2010 |
|---|---|---|---|
| Title | United States of America v. Kasey Robert Graham | | |

individuals—one of whom had money in his hand—approach the Halldale house's side window to conduct hand-to-hand transactions in the same manner as the CRI's controlled buy. *Id.* After one hour, Defendant exited the Halldale house and helped another individual retrieve an item from the engine area under the hood of the SUV. *Id.* Officers then followed as Defendant drove the SUV to a house at 4264 South Brighton Avenue, Los Angeles, California (the "Brighton location"), which Defendant entered with a key and where he remained for about thirty minutes. *Id.* Defendant then left the Brighton location, entered a Volvo with no license plates, and drove back to the Halldale house, which he again entered with a key. *Id.* Officers then observed numerous individuals approach the Halldale house's side window and engage in more hand-to-hand transactions in the same manner as before. *Id.* at KRG_033-034.

On May 14, 2009, Aluotto, Officer Mendoza, and Officer Orozco again surveilled the Brighton location. *Id.* at KRG_034. Defendant entered and exited the Brighton location several times, and the SUV and Volvo were both parked at the Brighton location. *Id.* During a period of about one hour, they observed six vehicles park next to the Brighton location. *Id.* The individuals entered the house at the Brighton location, remained there for less than two to three minutes, exited, and drove away. *Id.* In his expert opinion as an experienced narcotics investigator, s*ee id.* at KRG_032, Aluotto concluded that this activity at the Brighton location was consistent with individuals purchasing narcotics. *Id.* at KRG_034.

Based on these observations and expertise, Aluotto concluded that Defendant resided at or occupied the Halldale house and Brighton location, that activity consistent with the sale of narcotics was taking place at the two addresses, and that Defendant was actively engaged in the sale of rock cocaine. *Id.* at KRG_033-034. Aluotto prepared an affidavit for a search warrant of both the Halldale and Brighton locations.

On May 15, 2009, a judge of the Superior Court of California, County of Los Angeles, signed the search warrant, which was executed on May 19, 2009. On June 7, 2010, Defendant brought a motion to suppress the evidence seized during the search of the Brighton location, including all the fruits of that search. In the alternative, Defendant moves for an evidentiary hearing to challenge the validity of Aluotto's affidavit pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978) (a "*Franks* hearing").[2]

---

[2] Defendant filed a similar motion with regard to evidence obtained at Harvard Motor Inn Room #204, 1574 Martin Luther King Jr. Boulevard, Los Angeles, California, which the Court resolves in a separate order.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CR 09-1084 PSG | Date | June 29, 2010 |
|---|---|---|---|
| Title | United States of America v. Kasey Robert Graham | | |

II.   Legal Standard

The Fourth Amendment commands that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. When determining whether an affidavit discloses sufficient probable cause to support the issuance of a search warrant, "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L. Ed. 2d 527 (1983). Furthermore, the issuing judicial officer's "determination of probable cause should be paid great deference by reviewing courts." *Id.* (internal citation omitted). The issuing judicial officer is not required to "determine that the evidence sought is *in fact* on the premises to be searched, or that the evidence is more likely than not to be found where the search takes place." *United States v. Fernandez*, 388 F.3d 1199, 1254 (9th Cir. 2004) (emphasis in original) (citations omitted). Rather, the reviewing judicial officer need only to find it "reasonable" to seek evidence in the place identified in the affidavit. *Id.*

To establish probable cause for a search, "direct evidence that contraband or evidence is at a particular location is not essential." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986); *see also United States v. Jackson*, 756 F.2d 703, 705 (9th Cir. 1985) ("Direct evidence linking criminal objects to a particular site is not required for the issuance of a search warrant." (quoting *United States v. Poland*, 659 F.2d 884, 897 (9th Cir. 1981)). Instead, "only a reasonable nexus between the activities supporting probable cause and the locations to be searched" is required. *United States v. Ocampo*, 937 F.2d 485, 490 (9th. Cir. 1991); *see also United States v. Rodriguez*, 869 F.2d 479, 484 (9th Cir. 1989). Additionally, an issuing judge "is allowed to draw the reasonable inference that '[i]n the case of drug dealers, evidence is likely to be found where the dealers live.'" *Fernandez*, 388 F.3d at 1254 (quoting *Angulo-Lopez*, 792 F.2d at 1399).

III.   Discussion

Defendant moves to suppress the evidence seized at the Brighton location or, in the alternative, for a *Franks* hearing to challenge the validity of Aluotto's affidavit.

1.   Defendant's Motion to Suppress

Search warrants should issue when "there is a fair probability that contraband or evidence

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CR 09-1084 PSG | Date | June 29, 2010 |
|---|---|---|---|
| Title | United States of America v. Kasey Robert Graham | | |

of a crime will be found in a particular place," based on the "totality-of-the-circumstances." *Gates*, 462 U.S. at 238.  Evidence obtained in violation of the Fourth Amendment is subject to exclusion at a criminal trial.  *See id.* at 217; *see also Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).  On a motion to suppress, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed."  *Gates*, 462 U.S. at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736, 4 L. Ed. 2d 697 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547, 65 L. Ed. 2d 619 (1980)).

Defendant argues there was no substantial basis for a finding of probable cause for a search of the Brighton location.  Defendant alleges that Aluotto did not disclose any information in his affidavit from which a reviewing judicial officer could assess the CRI's reliability, other than merely labeling the CRI a "Confidential Reliable Informant" in a conclusory manner.  *See Mot.* 7:6-10.  Defendant also claims that the affidavit offers little reliable information regarding Defendant's identity, his residence, or his participation in illegal activity in light of the CRI's allegedly vague descriptions.  *See id.* at 7:13-18.  Defendant also claims that nothing else in the affidavit supports the inference that Defendant participated in any illegal activity at either the Halldale house or the Brighton location that would justify a finding of probable cause to search for evidence of a crime.  *See id.* at 7:24-8:1.

The Court, however, finds that the affidavit disclosed sufficient grounds for a finding of probable cause.  The CRI's tip was only one part of the affidavit.[3]  The observations made during the subsequent police investigation and Aluotto's expert opinion were also disclosed in the affidavit, all of which demonstrate the probability that contraband or evidence of a crime could be found at the Brighton location.  *See Opp.* 10:7-19.  In particular, the day after orchestrating the controlled buy with the CRI, Aluotto, Orozco, and Mendoza surveilled the Halldale house, and Defendant led the officers to the Brighton location.  *Id.*  There, the officers

---

[3] The CRI was disclosed as an official LAPD informant and not a mere anonymous tipster, *see Aff.* at KRG_033, which boosts his credibility and the reliability of his tip, *see Opp.* at 12:5-9.  The CRI was also proven reliable by the subsequent surveillance that corroborated the CRI's tip about the Halldale house, all of which was disclosed in the affidavit.  *See id.* at 11:14-11:20.  In the Opposition, the Government also mentions the CRI's past reliability in other LAPD investigations and the CRI's continued reliability since the investigation at issue.  *See id.* at 11 n.1; *see also id.*, Ex. C § 2.  However, extrinsic information regarding the CRI's credibility that was not disclosed in the affidavit is not relevant to the Court's evaluation of probable cause on Defendant's motion to suppress.

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CR 09-1084 PSG | Date | June 29, 2010 |
|---|---|---|---|
| Title | United States of America v. Kasey Robert Graham | | |

observed more suspicious activity. *Id.* Furthermore, the affidavit only describes one man who could fit the CRI's description of "Harlem Rob." *See id.* at 12:15-21.

When viewed in the totality of the circumstances, the Court finds these facts sufficient to establish a "fair probability" that contraband or evidence of a crime would be found at the Brighton location. *See Gates*, 462 U.S. at 238. Even if the CRI's information alone was not enough to establish probable cause to search the Brighton location, the subsequent independent investigation by law enforcement and Aluotto's expert opinion provided adequate grounds for a finding of probable cause. *See id.* at 241 ("[We] have consistently recognized the value of corroboration of details of an informant's tip by independent police work."); *see also United States v. Seybold*, 726 F.2d 502, 504 (9th Cir. 1984) ("We have repeatedly found the opinions of experienced law enforcement agents highly important in making probable cause determinations."). The affidavit details the officers' own observations of Defendant's presence at the Brighton location, his possession of keys to the residence, his parking of vehicles there, and the numerous individuals who visited the Brighton location for short periods of time during a span of one hour. Furthermore, the affidavit discloses Aluotto's expert opinion that, based on his experience and training, the activity he observed at the Brighton location was consistent with drug dealing.

Defendant's "divide-and-conquer strategy" is inapposite to the required totality-of-the-circumstances analysis applied by the courts. *See United States v. Casimiro-Benitez*, 533 F.2d 1121, 1123 (9th Cir. 1976) (citation omitted); *Hernandez v. United States*, 353 F.2d 624, 628 (9th Cir. 1965), *cert. denied*, 384 U.S. 1008, 86 S. Ct. 1972, 16 L. Ed. 2d 1021 (1966) ("[I]t is immaterial that each circumstance, taken by itself, may be consistent with innocence."). Therefore, the Court finds that, based on the totality of the circumstances disclosed in the affidavit, it was reasonable for the issuing judge to believe there was a "fair probability" that evidence of a crime would be found at the Brighton location. Accordingly, the Court DENIES Defendant's motion to suppress the evidence recovered at the Brighton location.

B. Defendant's Motion for a *Franks* Hearing

In the alternative, Defendant moves for a *Franks* hearing to challenge the validity of Aluotto's affidavit. Before receiving a *Franks* hearing, however, Defendant must rebut the presumption of validity given to the warrant and supporting affidavit. *See Franks*, 438 U.S. at 171. "A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CR 09-1084 PSG | Date | June 29, 2010 |
|---|---|---|---|
| Title | United States of America v. Kasey Robert Graham | | |

the affidavit cannot support a finding of probable cause without the allegedly false information." *Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000).

      1.    *Franks'* First Prong

In support of his motion, Defendant argues that the affidavit is tainted by several misleading omissions that satisfy the first prong for a *Franks'* hearing. Defendant claims that Aluotto allegedly failed to disclose his opinion that the CRI's tip about "Harlem Rob" was unreliable, and that the CRI's tips were based on hearsay and not personal knowledge. *See Mot.* 10:3-5. Defendant also claims that Aluotto failed to disclose that the CRI allegedly did not know anything about the Brighton location, and that another occupant—Defendant's girlfriend who owned the residence—lived at the Brighton location. *See id.* at 10:5-8. Aluotto also allegedly omitted Defendant's different address in another city, as confirmed by California DMV records. *See id.* at 10:8-9.

In response, the Government argues that Defendant fails to demonstrate that these alleged omissions were deliberate or reckless, as opposed to merely negligent or innocent mistakes. *See Opp.* 14:6-7. The Court agrees. Making bare assertions that an affiant knew the truth and failed to include it in an affidavit does not, without more, establish that the omission was a result of anything other than negligence or innocent mistake. *See United States v. Collins*, 61 F.3d 1379, 1384 (9th Cir. 1995); *see also United States v. Miller*, 753 F.2d 1475, 1478 (9th Cir. 1985) (noting that allegations of negligence or innocent mistake are insufficient to warrant a *Franks* hearing). As Defendant has failed to make a "substantial" preliminary showing that Aluotto intentionally or recklessly omitted information from the affidavit, the Court DENIES Defendant's motion for a *Franks* hearing.

      2.    *Franks'* Second Prong

Even assuming that Defendant established the first prong, Defendant fails to show that the affidavit would have lacked probable cause if it had included the omitted information. In particular, Defendant claims that the affidavit did not mention that the CRI did not personally identify "Harlem Rob" and that, therefore, "the officers simply tracked the movements of a 'black male' driving a black SUV." *See Mot.* 10:13-15. Defendant also claims that, since Aluotto allegedly failed to disclose that a second occupant lived at the Brighton location, Aluotto's affidavit misleadingly suggests that Defendant was the only person who could have met with the six individuals seen entering and exiting the Brighton location. *Id.* at 10:16-20.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CR 09-1084 PSG | Date | June 29, 2010 |
|---|---|---|---|
| Title | United States of America v. Kasey Robert Graham | | |

The Court finds that even assuming that the alleged omissions were intentionally or recklessly false or misleading, Defendant fails to show that probable cause would not have existed if they had been made known to the judicial officer in the affidavit.  The CRI's tip only played a minor part in the affidavit—merely providing the impetus for looking into the *Halldale location.  See Opp.* 15:1-5.  The connection of Defendant to the Brighton location was made, not on the basis of the CRI's information, but rather by Aluotto's subsequent surveillance at both addresses and his expert opinion.  *See Opp.* 15:6-15; s*ee also United States v. Bertrand*, 926 F.2d 838, 843 (9th. Cir. 1991) (holding that a defendant was unable to meet the second *Franks* prong, even when the affiant's misleading and inaccurate statements were "inexcusable" because an informant's tip coupled with police corroboration provided probable cause for the warrant's issuance).

Furthermore, even if the judge had known of the other occupant at the Brighton location and Defendant's different listed address, the observations made during the independent investigation and Aluotto's expert opinion would have supported a finding of probable cause that Defendant was an occupant at the Brighton location, and that evidence of narcotics would likely be found there.  *See Angulo-Lopez*, 791 F.2d at 1399 ("In the case of drug dealers, evidence is likely to be found where the dealers live.").  The affidavit disclosed that Defendant kept his vehicles at the Brighton location, had a key to the house, and frequented the location.  *See Opp.* 15:25-26.  The officers also observed activity consistent with distribution of illegal drugs at the Brighton location while Defendant was in the house.  *See Aff.* at KRG_034.  For example, during a period of one hour, officers observed at least six separate vehicles arriving at the property, several individuals entering the residence, and all of them leaving within a few minutes.  *See id.*

The Court finds it would have been reasonable for the issuing judicial officer to believe that evidence of drug sales would be found at the Brighton location based on the observations made during the police investigation and the affiant's expert opinion alone, even if the alleged omissions were included in the affidavit. Accordingly, the Court also DENIES Defendant's motion for a *Franks* hearing on this ground.

IV.     Conclusion

For the foregoing reasons, the Court DENIES Defendant's motion to suppress, and DENIES Defendant's motion for a *Franks* hearing.

**IT IS SO ORDERED.**

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CR 09-1084 PSG | Date | June 29, 2010 |
|---|---|---|---|
| Title | United States of America v. Kasey Robert Graham | | |